IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COYNE APPRAISAL GROUP, L.LC., | ) | |
| a Missouri limited liability corporation, | ) | |
| individually and as the representative | ) | Case No. |
| of a class of similarly-situated persons, | ) | |
| | ) | |
| Plaintiffs, | ) | Removed from the Circuit Court of St. |
| | ) | Charles County |
| vs. | ) | Cause No. 1511-CC00561 |
| | ) | |
| GENERAL CASUALTY COMPANY | ) | |
| OF WISCONSIN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GENERAL CASUALTY COMPANY OF WISCONSIN'S
NOTICE OF REMOVAL**

Defendant General Casualty Company of Wisconsin, under the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. §§ 1332(d), 1446(b) and 1453, hereby removes Plaintiff Coyne Appraisal Group, LLC's Declaratory Judgment Petition, Cause No. 1511-CC00561, in the Circuit Court of St. Charles County, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this removal, General Casualty states:

## I.   INTRODUCTION

CAFA expanded federal diversity jurisdiction to confer jurisdiction over certified and putative class actions where: (1) the class contains over 100 members; (2) minimal diversity exists between the parties, *i.e.*, at least one member of a class of plaintiffs is a citizen of a state different from a defendant; and (3) the aggregate amount in controversy exceeds $5 million. Based on the allegations in Plaintiff's Declaratory Judgment Petition and the Underlying Judgment, other orders, and pleadings in the Underlying Action between Plaintiff and Associated Physical Medicine, P.C., namely, *Coyne Appraisal Group, L.L.C. v. Associated Physical Medicine*, P.C., Case No. 1011-CV11102 (Mo. Cir. Ct., St. Charles Cty.) ("Underlying Action"), these three prerequisites for removal under CAFA removal are met.

First, the class contains over 100 members. The Order Certifying Class entered on August 5, 2013, in the Underlying Action includes the trial court's finding that Associated Physical Medicine sent 3,132 facsimile advertisements to 1,594 different fax numbers. (See Exhibit 1[1].) This finding is repeated in the trial court's Judgment and Order Granting Summary Judgment, entered on November 25, 2013, in which the trial court found that Associated Physical Medicine "sent [faxes] to the Class Members a total of 3,132 times on two days, November 12, 2006 and December 4, 2006." (See Exhibit 2.) Further, in compliance with the approved Notice Plan in the Underlying Action, Plaintiff sent the Notice of Pending

---

[1] General Casualty requests the Court, under FED. R. EVID. 201, to take judicial notice of the facts contained in the exhibits attached to this Notice of Removal.

Class Action to 1,594 class members, either by facsimile or United States Mail. (See Exhibit 3, Plaintiff's Notice of Compliance with Notice Plan.)

Second, the requirement of minimal diversity under CAFA is met. One class member, Tully Marine Services, Inc., is a Missouri corporation with its principal place in St. Charles County, Missouri. (See Exhibit B to Exhibit 4, Affidavit of Ross Good and Exhibit 5, 2015 Annual Registration Report for Tully Marine Services, Inc., on file with the Missouri Secretary of State.) Diversity exists between Tully Marine Services, Inc. and General Casualty, which is a Wisconsin corporation with its principal place of business in Sun Prairie, Wisconsin. (See Exhibit 6, Plaintiff's Declaratory Judgment Petition, ¶ 7.) Further, the Good Affidavit and the attachments thereto show that numerous other Missouri citizens and corporations were recipients of Associated Physical Medicine's facsimiles, all of which would be adverse to General Casualty. (See Exhibit B to Exhibit 4.) Finally, upon information and belief, at least one member of Plaintiff, a Missouri limited liability company, is a Missouri citizen. Records on file with the Missouri Secretary of State show that Plaintiff's organizer and registered agent is John J. Coyne, whose address is located at 2616 Northcliffe Drive, St. Charles, Missouri. (See Exhibit 7.)

Third, the CAFA amount-in-controversy requirement is satisfied. Plaintiff seeks satisfaction of the entire underlying judgment of $5,970,842.60 (Exhibit 2) from General Casualty. Plaintiff alleges in Paragraph 62 of its Petition that "General Casualty is obligated to indemnify Associated for the moneys owed under the Underlying Judgment." (See Exhibit 6, ¶ 62.) In Paragraph 63, Plaintiff alleges that it "is entitled to a declaration from this Court

that the Policy affords coverage for the damages awarded in the judgment in the Underlying

Action and that General Casualty had a duty to defend and indemnify Associated in the

Underlying Action." (See Exhibit 6, ¶ 63.) Further, since the Judgment's entry on November

25, 2013, post-judgment interest has accrued at the rate of nine percent *per annum*. The total

sum for post-judgment interest that has accrued as of August 19, 2015, is $931,940.58.

## II.    FACTUAL BACKGROUND

### A.    THE UNDERLYING DAMAGES LAWSUIT

The action sought to be removed, namely, Plaintiff's Declaratory Judgment Petition

(Exhibit 6), is predicated on orders and judgments entered in an underlying class action

lawsuit for damages resulting from Associated Physical Medicine's transmission of

unsolicited facsimiles.  On November 4, 2010, Plaintiff, as a putative class representative,

filed a class action lawsuit on behalf of itself and others who received unsolicited facsimiles.

namely, *Coyne Appraisal Group, L.L.C. v Dr. Alan Presswood and Associated Physical

Medicine, P.C.,* Cause No. 1011-CV1102 (Mo. Cir. Ct., St. Charles Cty.) ("Underlying

Lawsuit"). (See Exhibit 8, Class Action Petition.) Dr. Presswood was subsequently dismissed

from the Underlying Action. Associated Physical Medicine is General Casualty's insured.

Plaintiff, as the class-action plaintiff, alleged in the Underlying Action causes of

action for violations of the Telephone Consumer Protection Act ("TCPA") and common-law

conversion. Both pleaded claims arose out of an alleged unsolicited advertisement faxed to

Plaintiff and other members of the class on December 6, 2006. (Exhibit 8, ¶ 15.) Plaintiff

asserted Associated Physical Medicine sent the facsimiles without first seeking the recipients'

permission. (*Id.*) Plaintiff further alleged that Associated Physical Medicine did not have an established business relationship with Plaintiff and the class members, and that Associated Physical Medicine's facsimiles did not display a proper opt-out notice. (*Id.*, ¶16.)

In Count I, Plaintiff's TCPA claim, Plaintiff sought statutory damages between $500 and $1,500 for each TCPA violation, pre- and post-judgment interest at a rate of nine percent, an injunction prohibiting Associated Physical Medicine from engaging in statutory violations, and costs and other such relief as the court deemed proper. (Exhibit 8, ¶¶ 19-32.)

In Count II, Plaintiff alleged a common-law conversion claim, alleging Associated Physical Medicine unlawfully converted the class members' fax machine toner, paper, memory, and employee time. (Exhibit 8, ¶ 38.) Plaintiff further alleged that Associated Physical Medicine knew or should have known its misappropriation was wrongful and without authorization. (*Id.*, ¶ 40.) For damages, Plaintiff alleged that it and the class members were deprived of valuable resources and that the unsolicited facsimiles caused unauthorized wear and tear on their fax machines and that Plaintiff and the class members suffered economic damages as a result. (*Id.*, ¶¶ 41-42.)

The Underlying Action was certified as a class action on August 5, 2013. (See Exhibit 1.) On November 25, 2013, the trial court entered a Judgment and Order Granting Summary Judgment for Plaintiff, entering judgment against Associated Physical Medicine on both Plaintiff's TCPA claim and its common-law conversion claim. (See Exhibit 2.) The court, in so ruling, found that Associated Physical Medicine had sent a total of 3,132 facsimiles to the class members on November 12, 2006, and December 4, 2006. (*Id.*) The court's award

included treble damages and pre-judgment interest, for a total judgment of $5,970,842.60, of which $1,284,842.60 constituted pre-judgment interest. (*Id.*) The court also awarded post-judgment interest at the rate of nine percent per annum. (*Id.*)

B.      Plaintiff's Declaratory Judgment Action

Plaintiff, individually, and on behalf of the class, filed its Declaratory Judgment Petition against General Casualty on July 3, 2015. In this action, Plaintiff seeks a declaratory judgment that General Casualty has a duty to indemnify Associated Physical Medicine for the entire underlying judgment. (See Exhibit 6, ¶¶ 62-63.)

III.    REMOVAL UNDER CAFA

CAFA extends federal diversity jurisdiction in the context of putative and certified class actions. *In re Burlington Northern Santa Fe Railway Co.*, 606 F.3d 379, 381 (7th Cir. 2010).  The reason CAFA was enacted is well established:

> A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits….Abuses in class actions undermine…the free flow of interstate commerce…in that State and local courts are keeping cases of national importance out of Federal court.  Congress expressly intended CAFA to expand federal diversity jurisdiction over class actions….

*Bell v. Hershey Co.,* 557 F.3d 953, 957 (8th Cir. 2009) (citations and internal quotations omitted); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 n. 52 (11th Cir. 2007).

CAFA accords federal subject-matter jurisdiction where there is minimal diversity – that is where the citizenship of a single class member and a single defendant are diverse.

Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications that any other type of lawsuit, [Congress] firmly believes that such cases properly belong in federal court. S. REP. No. 109-14, at 4 (2005) (as reprinted in 2005 U.SA.C.C.A.N. 3, 5).

CAFA gives district courts original jurisdiction of "any civil action" that is a class action, provided certain elements are met. 28 U.S.C. § 1332(a)(2). Under CAFA's definitional section, "class action" means "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute...authorizing an action to be brought by 1 or more representative persons." 28 U.S.C. § 1332(1)(b). "Class" means all of the "class members" that are "persons (named or unnamed) who fall within the definition of a proposed or certified class." 28 U.S.C. § 1332(d)(1)(A) and (C). CAFA also provides that it "shall apply to any class action before or after the entry of a class certification order." 28 U.S.C. § 1332(d)(8). "Class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." 28 U.S.C. § 1332(d)(1)(D). Thus, under CAFA, a district court has original jurisdiction over both uncertified ("putative") and certified class action civil cases. *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.2d 805, 806 (7th Cir. 2010).

As explained above, on August 5, 2013, the Underlying Action was certified as a class action. (See Exhibit 1.) The Class was certified under Missouri Supreme Court Rule 52.08. (*Id.*)

CAFA requires the class action to be brought or certified under a rule similar to Federal Rule of Civil Procedure 23. Courts have repeatedly held that MO. R. CIV. P. 52.08 is

virtually identical to FED. R. CIV. P. 23. *See, e.g., State ex rel. Byrd v Chadwick*, 956 S.W.2d 369, 379 (Mo. App, WD 1997); *State ex rel American Family Mut. Ins. Co.v Clark*, 106 S.W.3d 483, 490 (Mo. banc 2003); and *Grosser v Kandel-Iken Builders, Inc.*, 647 S.W.2d 911, 916 (Mo. App. E.D. 1983). Hence Missouri courts use federal precedent under Rule 23 in interpreting and applying Missouri's class action rule. *State ex rel. Union Planters Bank, N.A. v Kendrick*, 142 S.W.3d 729, 736 (Mo. banc 2004). Thus, the class here was certified under the equivalent of Rule 23.

To perfect removal under CAFA, the following requirements also must be met: (1) the class contains at least 100 members; (2) minimal diversity exists between the parties; and (3) the aggregate amount in controversy exceeds $5 million. *Purdue Pharma L.P. v Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013.)  Although CAFA grants broad federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction. *Westerfield v Independent Processing,* LLC, 621 F.3d 819, 822 (8th Cir. 2010)

## IV.   REQUIREMENTS FOR REMOVAL UNDER CAFA ARE MET

### A.   THIS REMOVAL IS TIMELY.

Under 28 U.S.C. § 1446(b), a notice of removal must be filed with thirty days after receipt of service.  In the removed action, the Missouri Director of Insurance, Financial Institutions and Professional Registration, on General Casualty's behalf, was served on July 20, 2015; therefore, General Casualty's Notice of Removal is timely. (See Exhibit 9, Notice of Department of Insurance, Financial Institutions and Professional Registration.)

B.     MINIMAL DIVERSITY IS MET.

For removal under CAFA, only minimal diversity must be met. The removed action satisfies this requirement.

The Affidavit of Ross Good demonstrates that at least one class member is a Missouri citizen. (See Exhibit 4.) The first page of Exhibit B to Mr. Good's affidavit identifies Tully Marine Services, Inc., as a class member receiving Associated Physical Medicine's facsimiles. Tully is a Missouri corporation with its principal place of business in St. Charles County, Missouri. (See Exhibit 5, 2015 Annual Registration Report for Tully Marine Services, Inc., on file with the Missouri Secretary of State.)

Diversity exists between Tully and General Casualty, which is a Wisconsin corporation with its principal place of business in Sun Prairie, Wisconsin. (See Exhibit 6, Declaratory Judgment Petition, ¶ 7.)

Further, the Good Affidavit and the attachments thereto show that numerous other Missouri citizens and corporations were recipients of Associated Physical Medicine's facsimiles, all of which would be adverse to General Casualty. (See Exhibit B to Exhibit 4.) Indeed, upon information and belief, at least one member of Plaintiff, a Missouri limited liability company, is a Missouri citizen. Records on file with the Missouri Secretary of State show that Plaintiff's organizer and registered agent is John J. Coyne, whose address is located at 2616 Northcliffe Drive, St. Charles, Missouri. (See Exhibit 7.)

These facts demonstrate that CAFA's "minimal diversity" requirement is met. At least one class member is a citizen of the State of Missouri and General Casualty is a citizen of the State of Wisconsin. This prerequisite for CAFA removal is satisfied.

C.    $5 MILLION AGGREGATE AMOUNT IN CONTROVERSY IS MET.

Removal under CAFA requires an aggregate amount of controversy in excess of $5 million. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86 (7th Cir. 2008). CAFA does not make federal jurisdiction dependent upon how much the plaintiff is sure to recover; rather, the amount sought by the plaintiff is the sum that defines the amount "in controversy." *Id.* Moreover, a removing defendant need not confess liability to establish that the controversy exceeds the threshold. *Brill v. The Country Wide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Here, the removed action satisfies this requirement.

First, Plaintiff's Declaratory Judgment Petition (Exhibit 6) establishes the requisite amount in controversy. Plaintiff seeks to subject General Casualty to liability to satisfy the entire Underlying Judgment. Plaintiff specifically alleges that as a result of the final judgment entered in the Underlying Action that General Casualty is obligated to indemnify Associated Physical Medicine "for the moneys owed under the Underlying Judgment" (Exhibit 6, ¶ 62), which totals $5,970,842.60 defendant insurance companies, not including post-judgment interest, which has accrued on the judgment at the rate of nine percent per annum since November 25, 2013. (Exhibit 2; Exhibit 6, ¶ 15.)

Second, Plaintiff's Petition identifies two General Casualty policies with effective dates of August 23, 2005, to August 23, 2006, and August 23, 2006, to August 23, 2007.

(Exhibit 6, ¶, 16.) Plaintiff alleges coverage under the two policies for property damage, advertising injury, and products-completed operations coverage.  (Exhibit 6, ¶¶ 19, 25-43, 44-49.) The two policies provide limits totaling $6 million. Each policy contains a general limit of liability of $2 million, with an additional $1 million aggregate limit for product-completed operations claims. (See Exhibits D and E to Exhibit 6.)

D.     THE NUMBER OF CLASS MEMBERS IS MET.

For removal under CAFA, the certified class must exceed 100 members. Here, this requirement is met. The Order Certifying Class entered on August 5, 2013, in the Underlying Action includes the trial court's finding that Associated Physical Medicine sent 3,132 facsimile advertisements to 1,594 different fax numbers. (See Exhibit 1 at 6.) This finding is repeated in the trial court Judgment and Order Granting Summary Judgment, entered on November 25, 2013, in which the trial court found that Associated Physical Medicine "sent [faxes] to the Class Members a total of 3,132 times on two days, November 12, 2006 and December 4, 2006." (See Exhibit 2.) Further, Exhibit B to the Affidavit of Ross Good contains a list of the individual recipients of the facsimiles sent by Associated Physical Medicine. (See Exhibit 4.) In his Affidavit, Mr. Good testified that he sent the Notice of Pending Class Action to 1,594 class members, either by facsimile or United States Mail. (*Id.*)

E.     ORIGINAL CAFA JURISDICTION IN THE DISTRICT COURT EXISTS

Based on the foregoing, minimal diversity, an amount in controversy in excess of $5 million, and a class exceeding 100 members exist.  Therefore, General Casualty has met its burden to prove CAFA diversity jurisdiction is present.

CONCLUSION

This Court has original diversity jurisdiction under CAFA.

Respectfully submitted,

/s/  T. Michael Ward

T. Michael Ward      #32816MO
BROWN & JAMES, P.C.
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – Facsimile
tmward@bjpc.com

Attorneys for Defendant
General Casualty Company of Wisconsin

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent by United States Mail and this 19th day of August, 2015, to:

Mr. Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017

Mr. Brian J. Wanca
Mr. David M. Oppenheim
Mr. Jeffrey A. Berman
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008

Mr. Phillip A. Bock
Bock & Hatch, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

/s/ T. Michael Ward

12497114